

FILED

OCT 1 0 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT/ARREST WARRANT

I, Ed Roesch, Special Agent, Drug Enforcement Administration (DEA), Hampton, Virginia, being duly sworn, state the following:

1.      I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since August of 2019. Before joining the DEA as a Special Agent, I was a Task Force Officer assigned to the DEA Norfolk, High Intensity Drug Trafficking Area (HIDTA) group which I fulfilled from June of 2015 until April of 2019. Additionally, I was employed by the Portsmouth Police Department from August 2011 until April of 2019 and served all but my initial two years within the Special Investigations Unit (narcotics). I have received specialized training regarding the detection and investigation of drug trafficking organizations while with DEA and the Portsmouth Police Department. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the DEA and the Portsmouth Police Department.

2.      I have probable cause to believe that Andres MENA and Wilner FLACO have committed the following offense in violation of federal law: Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503). Your affiant is aware these crimes may be prosecuted in any district of the United States. (46 U.S.C. § 70504).

### PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

3.      Since November 2018, members of the DEA Hampton Post of Duty, in partnership with DEA Bogota, HSI Norfolk and Coast Guard Investigative Services, have been investigating maritime smuggling operations based on the Pacific coast of Colombia. Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels (GFV), hereafter referred to as GFV, to transport multi-hundred kilogram shipments of narcotics from the west coast of Colombia to awaiting transfer vessels or destinations throughout Central America or Mexico with the final destination being the United States for distribution.

4.  On September 30, 2024, United States Ship (USS) St. Louis was conducting routine patrol within the Eastern Pacific Ocean. During that time, an embarked helicopter was conducting a training mission when it located a target of interest, described as a GFV without nationality, and displaying no indicia of nationality, located in international waters, approximately 60 nautical miles west of Panama. Soon after, persons onboard the GFV were observed jettisoning packages. Personnel onboard the helicopter marked the jettison field with green smoke and relayed the position to the USS St. Louis, who altered course in order to respond. The USS St. Louis deployed a small boat crew, which contained a United States Coast Guard (USCG) law enforcement detachment team, to respond and make contact with the GFV.

5.  Members of the small boat crew encountered the GFV and in doing so, identified two members onboard; Andres MENA and Wilner FLACO. No physical flag, no registration documents, no registration number on the hull, no homeport on the hull, no name on the hull, and no painted on markings were observed on the GVF. Andres MENA went on to claim master of the vessel and stated it was of Colombian nationality and that the purpose of the voyage was fishing although no fishing equipment or any catch was observed onboard. USS St. Louis requested, and were authorized, to enact the Colombian bilateral treaty. Colombian officials confirmed receipt of the request and were unable to confirm or refute the master's claim of Colombian nationality. Thus, USS St. Louis personnel were authorized to treat the GFV as without nationality and conduct a full boarding. In doing so, IONSCAN swabs of the GFV's throttle, helm, starboard/port bow, as well as the starboard/port quarter all yielded a positive identifier to the presence of cocaine.

6.  Additionally, the small boat crew were able to recover one (1) package from the marked jettison field which was found to contain twenty (20) individually wrapped packages. Two (2) NIK tests were conducted on the contents of the packages which both yielded a positive identifier to the presence of cocaine, a schedule II controlled substance. Due to low visibility during nighttime hours, the small boat crew were unable to locate any additional jettisoned packages from the marked field. Both of the mariners

found aboard the GFV were detained and are being transferred to the Eastern District of Virginia for prosecution.

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge Andres MENA and Wilner FLACO with Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503).

FURTHER YOUR AFFIANT SAYETH NOT.

Reviewed by:

Eric M. Hurt
Assistant United States Attorney

Ed Roesch, Special Agent
Drug Enforcement Administration

Sworn and subscribed to
before me on this 10th
day of October 2024

Lawrence R. Leonard
United States Magistrate Judge
Norfolk, Virginia