**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
*Newport News Division*

UNITED STATES OF AMERICA,

v.                                         Criminal No. 4:24CR84

ANDRES MENA,

        Defendant.

## <u>DEFENDANT'S SENTENCING MEMORANDUM</u>

The Defendant, Andres Mena, by and through counsel, respectfully submits this memorandum in support of his request for a downward variance from the advisory Sentencing Guidelines range of 30-37 months. Mr. Mena requests a sentence of 18 months' imprisonment, followed by any appropriate term of supervised release. This request is based on the factors set forth in 18 U.S.C. § 3553(a), particularly the history and characteristics of the defendant, the need to provide just punishment, and the need to avoid unwarranted sentencing disparities. A sentence below the low end of the Guidelines is warranted due to Mr. Mena's extraordinary family circumstances, his minimal role in the offense, his lack of criminal history, and his genuine remorse.

### I. Background and Guideline Calculations

As detailed in the Presentence Investigation Report (PSR), Mr. Mena pleaded guilty to Possession with Intent to Distribute Cocaine on Board a Vessel, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a). The PSR correctly calculates a base offense level of 30 under U.S.S.G. § 2D1.1, with reductions for safety valve (-2), minimal participant (-4), zero criminal

history points (-2), and acceptance of responsibility (-3), resulting in a total offense level of 19. With a criminal history category of I, the advisory Guidelines range is 30-37 months. There are no objections to the PSR.

The Guidelines are advisory, and this Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a). United States v. Booker, 543 U.S. 220, 264 (2005). A variance is appropriate here to account for Mr. Mena's compelling personal circumstances, which the Guidelines do not fully capture.

## II. Application of the § 3553(a) Factors

### A. Nature and Circumstances of the Offense

Mr. Mena's involvement was limited and driven by desperation. As a 28-year-old fisherman from a rural area in Colombia, he agreed to assist in transporting cocaine on a single voyage, serving as a minimal participant with no decision-making authority. The PSR confirms he was not the mastermind, organizer, or beneficiary of any larger operation (PSR 12). He had no prior involvement in drug trafficking and acted out of financial need to support his family. While the offense is serious, involving 25.03 kilograms of cocaine, Mr. Mena's role was peripheral—he was aboard a go-fast vessel, jettisoned packages when detected, and cooperated fully thereafter. This was an isolated incident, not reflective of a criminal lifestyle.

### B. History and Characteristics of the Defendant and Request for a Variance

Mr. Mena is a first-time offender with no criminal history, no substance abuse issues, and no mental or physical health problems (PSR ¶¶ 27, 39-41). Born and raised in Jurado, Colombia, he was brought up in modest circumstances by his mother and stepfather after his parents separated when he was young (PSR ¶¶ 32-34). He worked from a young age, fishing and

planting yuca to help meet basic needs, and later supported himself as a graphic designer and fisherman (PSR ¶¶ 46-47). He completed high school and maritime training, demonstrating a commitment to self-improvement despite limited opportunities (PSR ¶¶ 42-43).  Andres showed exceptional talent in soccer while attending high school in Cartagena. Despite his skill and potential, he was unable to pursue a professional soccer career due to financial constraints, as his family could not afford the costs of a specialized soccer school. To support himself, he worked in construction and other jobs, balancing school, soccer, and labor as a teenager.

Most critically, *Mr. Mena's family ties warrant a variance*. He is the father of three young children: a 12-year-old daughter (whom he learned about only recently and began supporting), and two younger children—a 5-year-old son and 4-year-old daughter—who lived with him and their mother, Paola Cassiani Reyes, prior to his arrest (PSR   35). Mr. Mena was the primary financial provider for his family, earning income through fishing to cover their needs. His children deeply miss him and rely on his presence and support. Tragically, Ms. Reyes suffers from serious health problems that severely limit her ability to care for the children or provide for them independently. Without Mr. Mena, the family faces extreme hardship, including potential instability in housing, food, and basic care for the children. A lengthy sentence would exacerbate this, leaving the children without their father's guidance and support during formative years. Courts have recognized such family circumstances as grounds for variance where, as here, incarceration would impose extraordinary hardship. See, e.g., U.S.S.G. § 5H1.6 (family ties may be relevant in determining whether a departure is warranted).

Mr. Mena's positive characteristics further support leniency: he has expressed profound remorse, stating he "100 percent" regrets his actions (PSR   14), and he poses no risk of violence

or recidivism. As a non-citizen likely to be deported upon release (PSR   36), he will be removed to Colombia, reducing any need for extended incarceration to protect the public.

*C. Need for Just Punishment and Deterrence*

A sentence of 18 months adequately reflects the seriousness of the offense and provides just punishment. Mr. Mena has already endured significant consequences: over 10 months in pretrial detention, separation from his family, and the certainty of deportation. This punishment, combined with his remorse and minimal role, suffices without the full Guidelines term.

For deterrence, a below-Guidelines sentence still sends a strong message. General deterrence is served by the prosecution and conviction itself, which highlights the risks of maritime smuggling. Specific deterrence is achieved, as Mr. Mena's experience has deterred him from future misconduct—he is committed to returning to lawful work in Colombia to support his family. Extended imprisonment is unnecessary, as his lack of criminal history and family obligations make recidivism unlikely.

*D. Need to Protect the Public*

Mr. Mena poses no danger to society. He has no history of violence, and no substance abuse (PSR ¶¶ 27, 40-41). His offense was non-violent and economically motivated. Post-release deportation further mitigates any risk.

*E. Avoiding Unwarranted Sentencing Disparities*

A 18-month sentence avoids disparities with similarly situated defendants. In comparable maritime drug cases involving minimal participants with no criminal history, courts often vary downward based on family hardship and cooperation. For example, variances are common in

cases where defendants are primary caregivers or supporters of dependent children facing health-related challenges in the family. The government's request for 30 months, while at the low end, does not account for these mitigating factors. Mr. Mena like many before him are used by the cartels for their purposes while putting the defendant couriers in danger and incarceration.

Like many before him, Mr. Mena was used by the cartels for their own purposes, which placed couriers like him in danger of incarceration or death.

### III. Conclusion

A sentence of 18 months is sufficient but not greater than necessary under § 3553(a). It acknowledges the offense's seriousness while considering Mr. Mena's minimal role, remorse, lack of history, and the extraordinary hardship a longer sentence would impose on his young children, whose mother cannot adequately provide for them due to her serious health problems. Mr. Mena respectfully requests this Court grant the variance and impose any other conditions it deems appropriate.

Respectfully submitted,

/s/
Chad G. Dorsk, Esquire
Counsel for Defendant Andres Mena
409 Duke Street, Suite 100
Norfolk, Virginia 23510
(757) 423-0271
chad@dorsklaw.com

CERTIFICATION

I, Chad G. Dorsk, counsel for Defendant Andres Mena, hereby certify that on July 31, 2025, the Defendant's Sentencing Memorandum was filed with the Court via the Electronic Case Filing (ECF) system. I further certify that all parties entitled to receive notice who are not registered for electronic filing have been served copies of the Sentencing Memorandum via email on this same date.

/S/